**Robert Bonham MESMER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 10098.**

United States Court of Appeals Tenth Circuit.

Jan. 14, 1969.

---

Herbert K. Hyde, Jr., Oklahoma City, Okl., for appellant.

John E. Green, Asst. U. S. Atty, Oklahoma City, Okl. (B. Andrew Potter, U. S. Atty., with him on the brief), for appellee.

Before MURRAH, PICKETT and HOLLOWAY, Circuit Judges.

PICKETT, Circuit Judge.

The appellant, Mesmer, was charged in an indictment with receiving, retaining, and concealing a quantity of United States stamps valued at $1,018.76, knowing them to have been stolen in violation of 18 U.S.C. § 641. He appeals from a judgment and sentence which followed his conviction by a jury. Prior to Mesmer's arrest, postal inspectors obtained a warrant for the search of the premises where he resided, and found a quantity of United States postage stamps. The questions presented here are related to the validity of the search warrant and the admission in evidence of some of the material seized upon the execution of the warrant.

Briefly stated, the material facts are: During the night of December 11, 1967, the United States Post Office at Earlsboro, Oklahoma was burglarized and United States postage stamps valued at $1,052.25 were stolen. Later, a deputy sheriff of Oklahoma County, Oklahoma received information from an informer that Mesmer had in his possession a

large quantity of United States postage stamps. This information was immediately relayed to postal inspectors. The affidavit of a postal inspector presented to a United States Commissioner for the issuance of a search warrant described the property to be searched upon which the affiant stated that he had reason to believe were concealed stolen United States postage stamps and records. The affidavit also stated that the facts relied upon by the affiant for probable cause for the issuance of a search warrant were furnished to him by an informer known to be reliable and from his personal observation of suspicious actions at the premises to be searched. Upon execution of the search warrant the postal authorities seized a quantity of United States postage stamps of similar denomination to those taken during the Earlsboro burglary valued at $1,018.76. Rolls and books of stamps were found in a plastic bag. In another plastic bag were sheets of stamps of various denominations separated by pieces of cardboard and enclosed in a binder cover.

Mesmer was represented by retained counsel who, prior to the trial, filed a motion to suppress the evidence solely upon the ground that the property seized was not that described in the warrant. The order overruling the motion to suppress states that it was entered after an evidentiary hearing.[1]

At the trial, the Earlsboro Postmaster testified that the stamps taken in the burglary were of various denominations and the sheets of stamps were kept in a binder with pieces of cardboard separating them. The binder cover containing the pieces of cardboard and the stamps was identified by the postmaster as the one used by him in the Earlsboro Post Office and taken during the burglary.[2] The postmaster did not identify either the plastic bags nor a gunnysack in which all of the articles were found at Mesmer's residence. The stamps, plastic sacks, cardboards, and the binder were received over an objection that those items were not Government property and were not described in the search warrant.

On cross examination of the local deputy sheriff and the postal inspector who executed the affidavit for the search warrant, apparently for the purpose of attacking the sufficiency of the affidavit, Mesmer's counsel attempted to ascertain the name of the "reliable informant". Although the court permitted some cross examination on this subject, the name of the informant was not disclosed and the jury was advised that the validity of the search had been determined in previous proceedings and was not to be considered by the jury. The record does not disclose that the informer's testimony, if available, would be helpful or relevant to Mesmer's defense or that fundamental fairness required a disclosure as in Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L. Ed.2d 639.

Under 41(e) of the Federal Rules of Criminal Procedure, the grounds for suppression of evidence are enumerated and it is provided that "the motion shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing." Generally, the failure to make a timely motion to suppress evidence is a waiver of the objection. Jones v. United States, 362 U.S. 257, 264, 80 S.Ct. 725, 4 L.Ed.2d 697; Butler v. United States, 10 Cir., 153 F.2d 993; United States v. Phillips, 7 Cir., 375 F.2d 75, cert. denied, 389 U.S. 834, 88 S.Ct. 40, 19 L.Ed. 2d 95; Birdsell v. United States, 5 Cir., 346 F.2d 775; United States v. Paradise, 3 Cir., 334 F.2d 748. The purpose of the rule requiring that motions to

---

1. The record does not contain a transcript of the proceedings before the trial court on the motion to suppress.

2. It appears to be admitted that the plastic sacks, cardboard and binder cover were not described in the search warrant and were not Government property.

suppress be made prior to trial is to provide orderly proceeding during the trial of a case by eliminating from the trial "disputes over police conduct not immediately relevant to the question of guilt." Jones v. United States, supra. Mesmer does not contend that he was denied a full and complete pretrial hearing on his motion to suppress where all questions as to the validity of the search warrant should have been raised. The rule provides that a trial court may, in its discretion, entertain such a motion at the trial. The issue of an abuse of discretion is not present here, because no additional motion to suppress was made during the trial, nor was the question of the sufficiency of the affidavit raised by objection to the admission of the seized property in evidence on the ground that the search warrant was invalid. The limitation of cross examination of prosecution witnesses during the trial for the purpose of showing an illegal search is not error. Cross examination cannot be used to question a prior disposition of a motion to suppress or as a substitute for such a motion. Generally, the legality of a search warrant is one of law to be determined by the court without the presence of a jury.

■■ We find no merit in the contention that the court erred in admitting into evidence the plastic containers, the cardboard, or the binder in which the stamps were located when seized. Search warrants are required to particularly describe the things to be seized and officers executing the warrant are authorized to seize only the property described. A general search is not permitted. Stanford v. Texas, 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431; Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231; Seymour v. United States, 10 Cir., 369 F.2d 825, cert. denied, 386 U.S. 987, 87 S.Ct. 1297, 18 L. Ed.2d 239. This rule is not applicable to facts of this case. The questioned items either disappeared with the stamps during the burglary or were the receptacles in which the stolen property was found. when seized by the officers.

All of the articles bore a reasonable relation to the purpose of the search and could be seized under the authority of the warrant. Walker v. United States, 117 U.S.App.D.C. 151, 327 F.2d 597, cert. denied, 377 U.S. 956, 84 S.Ct. 1635, 12 L.Ed.2d 500; United States v. Russo, E.D.Pa., 250 F.Supp. 55; United States v. Jordan, S.D.Ill., 216 F.Supp. 310; cf., Seymour v. United States, supra; United States ex rel. Nickens v. LaVallee, 2 Cir., 391 F.2d 123; Sanders v. United States, 10 Cir., 238 F.2d 145.

Affirmed.