W. E. McCRARY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17032.

Court of Criminal Appeals of Oklahoma.

March 12, 1973.

Rehearing Denied March 27, 1973.

Hensley & Neuwirth, Lawton, for appellant.

Larry Derryberry, Atty. Gen., Raymond Naifeh, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, W. E. McCrary, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Oklahoma, for the offense of Distributing, Publishing and Keeping For Sale Obscene and Indecent Writings, Books, Pictures and Photographs, Case No. CRF-71-354, under 21 O.S.Supp.1967, § 1021. His punishment was fixed at ten (10) years imprisonment and a fine of Five Thousand Dollars ($5,000.00), and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the facts adduced at the trial reveal that the defendant for several years has been in the active management of a book store located in Lawton, Oklahoma. In late 1969 or early 1970, Mr. Berger, an operator of a used book store located in Oklahoma City, Oklahoma, entered into an agreement with the defendant wherein he (Mr. Berger) would select certain books or magazines taking the material back to Oklahoma City and agreeing to pay for the material or return it unsold within thirty days.

Mr. Berger was arrested pursuant to a warrant issued by the District Court of Oklahoma County. Upon making the arrest, without objection by Mr. Berger, the police officers searched Mr. Berger's book store and in a closed closet found and seized over 150 books and magazines. Thereafter, the defendant was arrested in Lawton, Oklahoma, on a warrant issued by the District Court of Oklahoma County, Oklahoma.

Defendant, under his Proposition No. 1, contends that 21 O.S., § 1021(3), under which the defendant was prosecuted and convicted, is unconstitutional.

The defendant first argues that the above statute is unconstitutional as it does not meet tests set out in Redrup v. New York, 386 U.S. 767, 87 S.Ct. 1414, 18 L.Ed. 2d 515. This Court, in the recent case of Cherokee News et al. v. State, Okl.Cr., 44 O.B.J. 496, upheld the constitutionality of 21 O.S., § 1040.13, which is an obscenity statute dealing with substantially the same subject matter as 21 O.S., § 1021(3). We, therefore, find no merit to this argument.

Defendant next contends, under this proposition, that as no prior adversary hearing was held in the case at bar, his constitutional rights were violated and cites the case of A Quantity of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809 (1964), for authority.

In the instant case, we note from the record that the books seized were hidden in a closed closet and were not in public domain and not available or offered to the public at large. In the case of United States v. Pryba, 312 F.Supp. 466 (1970), the District of Columbia recognized an exception to the prior adversary hearing doctrine. The Court stated at page 469:

> "The requirement of an adversary hearing prior to seizure must be examined in the light of the precise facts of the particular case. It cannot be applied rigidly and mechanically. * * *
>
> " * * * Obviously, at the time of seizure the materials, lodged in a ceiling, were not in the public domain. For the same reasons, any resulting adverse effect on dissemination of other First Amendment protected materials is non-existent in this case. * * *"

Also see United States v. Alexander, D.C. Minn., 313 F.Supp. 687 (1969).

We, therefore, believe the instant case falls under the exception to the prior adversary hearing doctrine and a prior adversary hearing was not required as the seized material was not in public domain but was hidden from public view.

■ The defendant further attacks the constitutionality of 21 O.S., § 1021(3) for the reason that it is vague, indefinite and fails to provide the public with a meaningful description of what is a violation of the law. We do not agree. Title 21 O.S., § 1021 states in pertinent part:

"Every person who wilfully either:

\* \* \* \* \* \*

"(3) writes, composes, stereotypes, prints, photographs, designs, copies, draws, engraves, paints, molds, cuts, or otherwise prepares, publishes, sells, distributes, keeps for sale, or exhibits any obscene or indecent writing, paper, book, picture, photograph, figure or form of any description; \* \* \*

"\* \* \* is guilty of a felony \* \* \*."

We believe the above statute does provide the public with a clear and meaningful description of what is a violation of this statute and adequately describes the punishment for such violation.

■ Defendant's second proposition asserts that 21 O.S., § 1021(3), under which the defendant was prosecuted and convicted, is void by reason of 21 O.S.Supp.1970, § 1040.8, that being the legislature's last expression on the matter of obscenity. We note that both statutes describe substantially the same offense but § 1021(3) is punishable as a felony while § 1040.8 is punishable as a misdemeanor.

Title 21 O.S.Supp.1970, § 11 states:

"If there be in any other chapter of the laws of this state a provision making any specific act or omission criminal and providing the punishment therefor, and there be in this penal code any provision or section making the same act or omission a criminal offense or prescribing the punishment therefor, that offense and the punishment thereof, shall be governed by the special provisions made in relation thereto, and not by the provisions of this penal code. But an act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, except that in cases specified in §§ 51 and 54, the punishments therein prescribed are substituted for those, prescribed for a first offense, but in no case can [it] be punished under more than one; and an acquittal or conviction and sentence under either one, bars the prosecution for the same act or omission under any other."

We believe the above statute gives the prosecutor the right to elect which statute he wishes to proceed under. In the instant case, the prosecutor elected to proceed under § 1021(3).

■ We further are of the opinion that the trial court did not err by refusing to give an instruction on § 1040.8 as a lesser included offense. As both statutes describe substantially the same offense, the elements necessary to convict under § 1021(3) would also be sufficient to convict under § 1040.8. We are, therefore, of the opinion that the legislature did not intend to make § 1040.8 a lesser offense.

■ The defendant's third proposition asserts "[t]hat the District Court of Oklahoma County, Oklahoma, was not the proper venue for this action." It is the defendant's contention that title to the books had passed to Mr. Berger and he (defendant) no longer retained any interest in the books, therefore venue was not proper in Oklahoma County. As there was a conflict in the testimony of whether or not title had passed from the defendant to Mr. Berger, the trial court resolved this issue by submitting Instruction No. 9 to the jury. Instruction No. 9 reads as follows:

"You are instructed that in determining whether the defendant distributed, published and kept for sale and exhibit the allegedly obscene material in Oklahoma County, you may consider the question of where the title to such material passed from the defendant, as seller, to the buyer.

"In this connection the laws of the State of Oklahoma provide that unless other-

wise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods.

"If the contract requires or authorizes the seller to send the goods to the buyer but does not require him to deliver them at destination, title passes to the buyer at the time and place of shipment; but if the contract requires delivery at destination, title passes on tender there."

As the jury apparently found that title had not passed from the defendant to Mr. Berger, we, therefore, find that venue was proper in Oklahoma County and that there is no merit in defendant's third proposition.

■ Defendant's fourth proposition asserts that State's witnesses, H. C. Hank Cooper, J. Chess Lovern, and V. P. Crow, did not qualify as expert witnesses. The defendant contends that as the State's three expert witnesses were not qualified to testify to national standards but were only qualified to testify to the standards in Oklahoma City and Oklahoma County there was not sufficient evidence for the jury to base their verdict upon. It is this Court's opinion that the books introduced as evidence and admitted in this case are unquestionably hard core pornography. Therefore, expert testimony as to the social value of the material, its appeal to prurient interest, and also whether it conforms to community standards was not necessary in this case. As the books in this case were sufficient in themselves for the determination of obscenity, we deem the expert testimony admitted on behalf of the State was merely surplus. We find no prejudice to the defendant in the admission of the expert witnesses' testimony even though they were only qualified in regard to the standards of Oklahoma City and Oklahoma County. We, therefore, find no merit in this proposition.

■ The defendant's fifth proposition asserts that State's Exhibits 1 through 19 were obtained by an illegal search and seizure, and the court erred in admitting them. In the case of Caskey v. State, Okl. Cr., 496 P.2d 408 (1972), this Court stated:

"It has long been the law of this state that the right to question the validity of a search is personal to occupant of the premises searched. * * *"

As the defendant had no possessory interest in Mr. Berger's book store, we therefore, are of the opinion he had no standing to challenge the legality of the search and find no merit in defendant's Proposition No. 5.

■ The defendant's final proposition does not cite any authority in support. This Court has repeatedly held that:

"It is necessary for counsel for plaintiff in error not only to assert error, but to support his contentions by both argument and the citations of authorities. Where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this court will not search the books for authorities to support the mere assertion that the trial court has erred."

See Sandefur v. State, Okl.Cr., 461 P.2d 954 (1969).

Therefore, having considered the briefs and records before this Court and finding the defendant was not deprived of any fundamental right, we are of the opinion the judgment and sentence herein should be, and the same is hereby, affirmed.

BUSSEY and BRETT, JJ., concur.