**STATE of Oklahoma, Appellant,**

v.

**Floyd Dale COMBS, Appellee.**

**STATE of Oklahoma, Appellant,**

v.

**Bettye Jeanne TERHUNE, Appellee.**

**Nos. A–18010 and A–18012.**

Court of Criminal Appeals of Oklahoma.

June 5, 1974.

Rehearing Denied July 15, 1974.

S. M. Fallis, Jr., Dist. Atty., Tulsa County, for appellant.

Don E. Gasaway, Tulsa, for appellee.

## OPINION

BLISS, Presiding Judge:

Appellees Floyd Dale Combs and Bettye Jeanne Terhune are charged in the District Court, Tulsa County, for the respective offenses of Trafficking in Books Showing Acts of Sexual Intercourse and Sale of Motion Pictures Showing Acts of Sexual Intercourse. Each of said cases was dismissed following a preliminary hearing. Under authority of Rule 6 of this Court, an appeal was perfected to the District Court, Tulsa County, wherein the dismissals were affirmed. From the District Court's affirmation of the dismissals, appellant has perfected a timely appeal to this Court.

The record reflects that on Friday, August 18, 1972, Sergeant Frank Myers, Warren Henderson and Tulsa County Assistant District Attorney, Frank Hagedorn, appeared before a judge sitting as a magistrate with books and movie film they had purchased from a local retail book store located in the Tulsa area. An ex parte hearing was conducted, during which the judge viewed the material and determined the content to be obscene. Following the hearing, the magistrate issued a search and seizure warrant directing the officers to seize "magazines, photographs and multicolored copies of materials showing acts of sexual intercourse and unnatural copulation between persons." Pursuant to the search warrant, the Tulsa Book Mart, 620 South Main, Tulsa, Oklahoma, was raided and all materials confiscated. On October 24, 1972, six days following the seizure, a suppress hearing was conducted on the validity of the seizure and the content of the material.

 Appellant contends the magistrate erred in holding an adversary hearing prior to seizure of the films and books a necessary prerequisite to their admissibility as evidence. We agree with appellant with regard to both defendants. With regard to defendant Terhune, the Information alleges only motion pictures purchased prior to the ex parte hearing. This material was not a product of a seizure. A prior adversary hearing unquestionably is not required when allegedly obscene material is obtained by purchase. Cherokee News & Arcade, Inc., Okl.Cr., 533 P.2d 624. Consequently, the court erred in holding a prior adversary hearing necessary. With regard to defendant Combs, we also find a prior adversary hearing unnecessary. The Supreme Court has not mandated nor has it implied every seizure of obscene matter must be predicated with a prior adversary hearing before allegedly obscene matter may be confiscated. Heller v. New York, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745, (1973). The requirements set forth by the United States Supreme Court regarding confiscation of obscene material demand a judicial inquiry "design to focus searchingly upon the question of obscenity." Bantam Books, Inc., v. Sullivan, 372 U.S. 58, 83 S.Ct. 631, 9 L.Ed.2d 584 (1963). In the case at bench, the magistrate received evidence and viewed sample copies of the allegedly obscene material. Following the inspection, a search warrant containing the above mentioned directive was issued. The directive within the search warrant contained a sufficient description of material to be seized as required by Mesmer v. United States, 405 F. 2d 316 (10th Cir. 1969).[1] Consequently, the valid search warrant issued upon a determination of probable obscenity by the magistrate, in our opinion, satisfied the requirement of a "procedure designed to focus searchingly upon the question of obscenity." Coupling this procedure with the fact that an adversary hearing was conduct-

---

1. Although some materials, under authority of the warrant might be confiscated and might not be obscene, the description within the warrant describes materials which would probably be obscene. Since the test is whether the material described would probably be obscene, we find the warrant contains a sufficient description and is not violative of Fourth Amendment requirements.

ed six days following the seizure, it is this Court's opinion that the matter confiscated which was specifically described within the warrant was not confiscated in violation of the First, Fourth and Fourteenth Amendments to the United States Constitution. However, the projection machines and other materials confiscated which were not described within the warrant were properly suppressed. All other material properly could be preserved as evidence for prosecution.[2]

Appellant further contends the trial court erred in determining 21 O.S.1971, § 1040.51 to be unconstitutional. With this contention, we agree. In our opinion of McCrary v. State, Okl.Cr., 533 P.2d 629, we held 21 O.S.1971, § 1021 constitutional through construing the requirement set forth in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), to be implied whenever that statute was to be applied.

Title 21 O.S.1971, § 1040.51 in pertinent part states as follows:

"Any person who knowingly buys, sells, barters, traffics in, or causes to be delivered or transported in Oklahoma, any picture, moving picture, series of pictures, drawing, diagram or photograph of any person or animal or caricature thereof in an act or acts of sexual intercourse or unnatural copulation shall be deemed guilty of a felony, and shall be punished by a fine of not to exceed Twenty-five Thousand Dollars ($25,000.-00), or by imprisonment for not to exceed fifteen (15) years, or by both such fine and imprisonment. Provided, that nothing contained herein shall prohibit the use of any of the above mentioned items pursuant to medical prescription by a duly licensed physician in the State of Oklahoma, or in recognized schools of medicine or veterinary science for educational purposes."

In the case of Miller v. California, supra, the United States Supreme Court enunciated the minimal standards necessary for a constitutional obscenity statute. In so doing the Court stated as follows:

"The basic guidelines for the trier of fact must be: (a) whether 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest, Kois v. Wisconsin, supra, 408 U.S. [229] at 230, [92 S.Ct. 2245, at 2246] 33 L.Ed.2d 312 (1972), quoting Roth v. United States, supra, 354 U.S., [476] at 489 [77 S.Ct. 1304, at 1311] 1 L.Ed.2d 1498 (1957), (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law, and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value."

In McCrary v. State, supra, we construed Miller v. California, supra, to allow us to apply saving construction to an obscenity statute. In viewing the above quoted section of the statutes, we conclude the language contained therein satisfactorily describes with sufficient detail the prohibited sexual conduct enunciated in (b) of the Miller requirements.

However, (a), (b) and (c) of the Miller requirements are not set forth literally within the language of that statute. We hereby construe § 1040.51 to include (a), (b) and (c) requirements to be incorporated within that statute and to be implied whenever that statutory language is to be applied. See McCrary, supra.

We therefore find the trial court upon applying § 1040.51 should instruct the trier of facts upon the express language of § 1040.51 and further should include within its instructions a jury charge stating that the jury must find the average person applying contemporary community stand-

---

2. We note the magistrate ordered the return of all materials except one copy of each publication. Should the warrant have con-

tained a limitation "1 copy of each magazine, photograph, etc." it would be difficult to consider the instant procedure a mass seizure.

ards would find the work, taken as a whole, appeals to the prurient interest, that the work, taken as a whole, lacks serious literary, artistic, political, or scientific value; and that the work depicts or describes in a patently offensive way the conduct prohibited under § 1040.51. As we construed above, we find § 1040.51 constitutional and may be constitutionally applied whenever the trier of facts is properly submitted the specific activity prohibited by § 1040.51 and those requirements construed as a part of § 1040.51 set forth in *Miller,* supra.

This case is therefore reversed and remanded under authority of Rule 6 with the magistrate instructed to conduct a preliminary hearing in light of the new constitutional standards.

BUSSEY, J., concurs.

BRETT, J., not participating.