Truman Carl STOCKTON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–74–703.

Court of Criminal Appeals of Oklahoma.

June 3, 1975.

Rehearing Denied June 23, 1975.

the crime of Sale of a Magazine Showing Acts of Sexual Intercourse. The jury assessed punishment at a term of one (1) year in the state penitentiary and a fine of $12,500. From a judgment and sentence in conformance with said verdict the defendant has perfected his timely appeal.

The State called one witness, Tulsa Police Officer Robert A. Chance, who testified that on the 4th day of September, 1973, he purchased from the defendant at the Risque Book Store, an adult bookstore, a copy of "Screw Magazine". The magazine, which contained explicit photographs of persons engaged in sexual intercourse, was admitted into evidence and submitted to the jury for examination. The State then rested.

The defendant called two witnesses. An employee of a large retail bookstore testified that he was familiar with sexually explicit material and that many volumes of such material were sold in the Tulsa area. The witness further testified that approximately 1,000 copies of the *Joy of Sex* were sold through his store during the calendar year 1973 and that sexually explicit material amounted to approximately ten percent of the gross sales. The second witness testified that she was familiar with sexually explicit material, had talked to approximately 25 persons in the community and it was her opinion that those persons of the community to whom she had talked thought that an adult ought to be able to read sexually explicit material if he desired. She further testified that "Screw Magazine" did not arouse her prurient interests.

Don E. Gasaway, George P. Phillips, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Judge.

The appellant, Truman Carl Stockton, hereinafter referred to as defendant, was charged, tried before a jury and convicted in the District Court of Tulsa County for

The defendant's first proposition in error urges that 21 O.S. § 1040.51 under which the information was filed, trial conducted and judgment and conviction rendered was at the time of the filing of said information unconstitutional in light of the rulings of the United States Supreme Court in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 and its companion cases. The defendant further urges that the retroactive application of the Mill-

er standards to the defendant in the instant case violates the constitutional ex post facto law proscription and that this Court's authoritative construction of § 1040.51 in State v. Combs, Okl.Cr., 536 P.2d 1301, was an unconstitutional usurpation of the legislative function.

All of the above arguments are answered in the negative by this Court in its recent decisions of Hess et al. v. State, Okl.Cr., 536 P.2d 362 and Combs v. State, Okl.Cr., 536 P.2d 373. See also Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L. Ed.2d 590 (1974) and Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L. Ed.2d 1498.

■ The defendant's next proposition urges that the trial court committed reversible error in failing to suppress introduction of the material because no adversary proceeding to make a preliminary determination of and focus searchingly on the issues of obscenity as required by Heller v. New York, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745, was held prior to issuance of a warrant for the arrest of the defendant. We disagree. In both *Combs* cases, supra, and in Cherokee News & Arcade, Inc. v. State, Okl.Cr., 533 P.2d 624, this Court specifically held that a prior adversary hearing is not required when allegedly obscene material is obtained by purchase and no seizure is involved.

■ The defendant next contends that the burden of proof was improperly placed on the defendant to prove his innocence rather than upon the State to prove his guilt, arguing that the only evidence of obscenity submitted by the State was the magazine itself. It is not a mandatory prerequisite to establish a prima facie case that the State present witnesses to establish the existence of the Miller standards. The introduction of the material and submission of same to the jury is sufficient. McCrary v. State, Okl.Cr., 533 P.2d 629, and Combs v. State, Okl.Cr., 536 P.2d 373.

■ Defendant further argues that Instruction No. 6 given by the trial court placed the burden of proving non-obscenity on the defendant. Instruction No. 6 is as follows:

"You are further instructed that the laws of the State of Oklahoma do not prohibit the sale of such material meeting the following standards:

1. Pursuant to medical prescription or for use in any recognized school of medicine or veterinary science for education purpose.

2. If the average person, applying contemporary community standards, would not find that the material, taken as a whole, appeals to one's prurient interest.

A. In applying contemporary community standards the material's impact on an average person must be determined, not the impact on a particularly susceptible or sensitive person, or, indeed, a totally insensitive one.

B. Prurient is defined by Funk & Wagnalls dictionary as: 1. Impure in thought and desire; lewd. 2. Having lustful cravings or desires. 3. Longing, desirous.

3. If the depiction, otherwise prohibited by the State Law, of sexual conduct, is not so depicted in a patently offensive way.

4. If the material, taken as a whole, is of literary, political, artistic or scientific value.

If, after considering all of the evidence, whether introduced by the State or by the defendant, you find that the sale of State's Exhibit No. 1 is not prohibited by reason of falling within one of the above categories, or if you have a reasonable doubt in this regard, it is your duty to resolve this case in favor of the defendant and acquit him."

It is the opinion of the Court that Instruction No. 6 as submitted sufficiently sets out the Miller standards. The defendant is required to make no proof. It is up to the jury to determine if the standards are satisfied.

The defendant next contends that repeated comments by the prosecutor, which were designed to inflame the prejudice and passions of and embarrass the jury, were erroneous and resulted in excessive punishment in the instant case. We agree. The prosecutor on numerous occasions during cross-examination and closing argument made comments concerning the effects of the material on the sensibilities of young children and the probability that such material would find its way into the hands of children. There was no evidence that sexually explicit material had been sold to children and it is our opinion that such comments were made solely to arouse the passions and prejudice of the jury. See Roberts v. State, 95 Okl.Cr. 365, 245 P.2d 759. However, it is also our opinion that there is no reasonable doubt as to defendant's guilt and any passions or prejudice aroused in the jury tended only to enhance punishment. Therefore, for the reasons stated above, the judgment and sentence appealed from is modified to a term of one (1) year in the state penitentiary and a fine of $5,000.

BRETT, P. J., and BUSSEY, J., concur.