Gerald Lawrence William HILDAHL and
Truman Carl Stockton, Appellants,

v.

The STATE of Oklahoma, Appellee.

No. F–74–346.

Court of Criminal Appeals of Oklahoma.

June 4, 1975.

Don E. Gasaway, Woodson & Gasaway, Tulsa, for appellants.

Larry Derryberry, Atty. Gen., Kenneth L. Delashaw, Jr., Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Judge:

The appellants, Gerald Lawrence William Hildahl and Truman Carl Stockton, hereinafter referred to as defendants, were charged by information in the District Court of Tulsa County with the offense of Selling Pictures Depicting Persons in Acts of Sexual Intercourse and Unnatural Copulation under the provisions of 21 O.S. 1040.51 in Case No. CRF–71–939. A nonjury trial was held before the trial court on July 19, 1971. The trial court found defendants guilty as charged and assessed punishment for each at a term of two (2) years imprisonment and a fine of $2,500. Formal judgment and sentence was imposed on July 20, 1971 and an appeal therefrom was never properly perfected. On April 30, 1974, the defendants sought post-conviction relief in the trial court alleging that the defendants had been denied their right to appeal through no fault of their own. The trial court in its finding of fact and conclusion of law agreed with the position of the defendants and granted said defendants thirty (30) days in which to perfect their appeal upon the original record to this Court. Such an appeal has been perfected.

Briefly stated the evidence adduced at the trial upon the merits is as follows: Tulsa Police Officer Carol Gatlin testified that on May 21, 1971, he and an Officer McCracken entered the Risque Book Store, an adult bookstore in Tulsa, in an attempt to purchase materials. Gatlin testified that signs on the face of the building related, "If nudity is offensive to you, do not enter, $.50 cover charge, no persons under 21 are admitted". Each officer paid the cover charge to defendant Stockton and began examining books and materials contained in the store. McCracken then approached defendant Stockton and inquired concerning the purchase of a book and a film. Defendant Stockton explained that they must pick the book and film up at Keels' Bar where they would be approached by a large man who would answer to a password. The officers paid for the merchandise and were then given a business card denoting that they had paid for one film and one book. The officers then went to Keels' Bar where they were approached by defendant Hildahl who took them to his car and delivered State's Exhibit 1, an 8mm film entitled "Head Hog", and Exhibit 2, a book of photographs entitled "Tarus, Creative". Both the film and the book depicted persons engaged in sexual intercourse and oral copulation. After the trial judge viewed the film and examined the book of photographs, the State rested.

The defendant Stockton then testified in his own behalf relating that on the day in question the two officers entered the bookstore and arranged the purchase of a book and a film and paid for same. He then contacted his partner, defendant Hildahl, and told Hildahl that two men would pick up a book and a film. He further stated that the material sold contained "sexual relations" and that he had told the officers that it contained plenty of "action".

■ Defendants in their brief urge that the trial court committed reversible error in failing to treat 21 O.S. § 1040.51 as an obscenity statute. We agree. The record reflects that the trial judge after the nonjury hearing made the following statement, to-wit:

". . . The statute is obviously designed to punish people who knowingly buy, sell, barter, traffic in or cause to be delivered or transported in Oklahoma any picture—moving pictures, series of pictures, drawing, diagram or photograph

of any person, animal or caricature thereof in an act or acts of sexual intercourse or unnatural copulation and the statutes makes such acts a felony.

I think there is no question that the material—Exhibits 1 and 2, come within the prohibited acts of the statute. There is no question about the fact that the defendants knew what they were selling. It is the Court's view that if the statute is unconstitutional, it's not for this Court to decide."

The record further reveals that the trial judge made the following statement at the formal sentencing, to-wit:

"The legislature deems as a matter of policy in the State of Oklahoma that the selling of these materials shall be a felony and shall be punished. They thus speaking for what they consider to be the policy of the State of Oklahoma, these items shall not be sold in the State of Oklahoma. It's the same determining that one shall not violate certain modes of conduct in driving an automobile on the highway . . ."

It is obvious from the above that the trial court did not consider § 1040.51 to be an obscenity statute and therefore did not apply the standards set out in the ruling of the United States Supreme Court in A Book v. Attorney General, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1, which standards were the latest pronouncement of that Court as of the date of trial. In our recent decision of State v. Combs, Okl.Cr., 536 P. 2d 1301, we specifically held that § 1040.51 is an obscenity statute and that a trial court must consider it in light of standards of obscenity determined by the United States Supreme Court.

▮ The defendants next urge that 21 O.S. § 1040.51 under which the information was filed, trial conducted and the judgment and conviction rendered was at the time of the filing of the information unconstitutional in light of the later rulings of the United States Supreme Court of June 21, 1973, in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419,

and its companion cases. The pertinent portons of § 1040.51 are as follows:

"Any person who knowingly buys, sells, barters, traffics in, or causes to be delivered or transported in Oklahoma, any picture, moving picture, series of pictures, drawing, diagram or photograph of any person or animal or caricature thereof in an act or acts of sexual intercourse or unnatural copulation shall be deemed guilty of a felony, and shall be punished by a fine of not to exceed Twenty-five Thousand Dollars ($25,000.-00), or by imprisonment for not to exceed fifteen (15) years, or by both such fine and imprisonment. . . ."

As stated above in *State*, supra, this Court held that § 1040.51 as authoritatively construed in said case met the constitutional requirements of Miller and its companion cases. This Court further held that "acts of sexual intercourse or unnatural copulation" were acts properly proscribed by State obscenity statutes under Miller if depicted or described in a patently offensive way.

▮ The defendants in their brief complain that the retroactive application of the Miller standards to the defendants in this case violates the constitutional ex post facto law proscription, citing Bouie v. City of Columbia, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894. However, the Supreme Court has recently held in Hamling v. United States, 418 U.S. 87, 41 L.Ed.2d 590, 94 S.Ct. 2887, (June 24, 1974), that a retroactive application of the Miller standards to obscenity statutes did not purport to make criminal that conduct which had not previously been thought criminal, as was true in *Bouie*, supra. The Miller requirements instead add a "clarifying gloss" which makes the meaning of the statute "more definite" in its application to obscenity prosecutions. Therefore, claims of vagueness and lack of fair notice must fail. See also, Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498, and Hess et al. v. State, Okl.Cr., 536 P.2d 362 recently decided by this Court.

It is the further opinion of this Court that § 1040.51 has always met the requirements of notice and due process in sufficiently defining that material which was proscribed by the statute. As stated in *Roth,* supra, all that is required is that the statutory language convey sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. Therefore, for all the reasons set out above, it is our opinion that § 1040.51 as authoritatively construed is constitutionally sound and that no substantial right of these defendants would be violated by the application of the Miller standards for judging obscenity in a retrial of this case.

The defendants' next proposition urges that the trial court committed reversible error in failing to suppress introduction of the material because no adversary proceeding to make a preliminary determination of and focus searchingly on the issues of obscenity as required by Heller v. New York, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745, was held prior to the issuance of a warrant for the arrest of the defendants. We disagree. In *State,* supra, and in Cherokee News & Arcade, Inc. v. State, Okl.Cr., 533 P.2d 624, this Court specifically held that a prior adversary hearing is not required when allegedly obscene material is obtained by purchase and no seizure is involved. It is our opinion that a purchase was involved in the insant case even though the money was later retrieved for a serial number check.

Defendants further argue that the arrest of the appellants was illegal and therefore the introduction of the film and magazine into evidence was illegal on the basis that the purported sale was a subterfuge to avoid the necessity of a preliminary proceeding to determine probable obscenity as required by *Heller,* supra, and that the officers had no probable cause to believe the film contained obscene material since they had not examined it. However, as stated above, it is the opinion of this Court that the transaction between the officers and the defendants constitutes a sale, and no preliminary proceeding is required as to probable obscenity for the arrest of the defendants after the sale. It is apparent from the record that the officers examined the book and found that it did, in fact, contain the "action" promised by defendant Stockton. The record further reveals that upon delivery of the film to the officers defendant Hildahl assured them the film contained a lot of "sexual intercourse and copulation", and that if the film was bad they could bring it back to the store and exchange it. Considering the above, it is the opinion of this Court that there was sufficient probable cause for the officers to arrest both defendants.

For all the reasons set out above it is the opinion of this Court that said cause must be, and it is hereby reversed and remanded for new trial consistent with the terms and tenor of this opinion and the standards pronounced by the United States Supreme Court in *Miller* and its progeny.

BRETT, P. J., and BUSSEY, J., concur.