**Dorothy Nell HUNT, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–76–821.**

Court of Criminal Appeals of Oklahoma.

Oct. 10, 1979.

Rehearing Denied Nov. 13, 1979.

# 465

Don E. Gasaway and Mac D. Finlayson, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., James W. McCann, Legal Intern, for appellee.

## OPINION

CORNISH, Presiding Judge:

The appellant was convicted of Unlawful Sale of Movies Showing Acts of Sexual Intercourse or Unnatural Copulation—21 O.S.1971, § 1040.51—in the District Court, Tulsa County Case No. CRF–75–154. In her appeal she challenges both the statute under which she was charged and the sufficiency of the State's case against her. She also complains of the information, the trial court's refusal to suppress evidence, the instructions given to the jury, and comments made by the prosecutor.

■ In her first assignment of error, the appellant contends that Section 1040.51 is unconstitutionally vague and is overbroad. However, in *State v. Combs*, Okl.Cr., 536 P.2d 1301 (1974), we held that the statute could be saved by construing it as implicitly incorporating the standards announced by the United States Supreme Court in *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973):

"We therefore find the trial court upon applying § 1040.51 should instruct the trier of facts upon the express language of § 1040.51 and further should include within its instructions a jury charge stating that the jury must find the average person applying contemporary community standards would find the work, taken as a whole, appeals to the prurient interest, that the work, taken as a whole, lacks serious literary, artistic, political, or scientific value; and that the work depicts or describes in a patently offensive way the conduct prohibited under § 1040.51. As we construed above, we find § 1040.51 constitutional and may be constitutionally applied whenever the trier of facts is properly submitted the specific activity prohibited by § 1040.51 and those requirements construed as a part of § 1040.51 set forth in *Miller*, supra."

For that reason the first assignment of error is without merit.

■ The second assignment of error is that the information was defective. The appellant takes the position that if the statute under which she was charged can only be constitutional by having the *Miller* standards overlaid upon it, then the information should be written in terms of the *Miller* standards. There is some sense to this argument, but the United States Supreme Court has held that such particularity is not a constitutional requirement. In *Hamling v. United States*, 418 U.S. 87, 119, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974), the Court said that "obscene" is a term of art and that it is sufficiently definite to give a defendant notice of the charge against him or her. The preliminary information in the instant case merely charged the appellant with selling motion pictures. But in response to the appellant's demurrer, the magistrate ordered the information amended to allege that said motion picture was obscene. With this amendment, in the light of *Hamling*, we must hold this assignment of error to be also without merit.

■ The appellant next argues that the District Court erred in overruling her motions to suppress the film for which she was charged and to quash the arrest on the grounds that she was arrested prior to any viewing of the film. It is true that in order to determine whether or not a work is obscene, one must view the work as a whole, so that the picture on the cover of the box containing the film would not give probable cause for an arrest based on the ground that the film as a whole is obscene. However, the appellant also sold the arresting officer a deck of cards depicting various positions of sexual intercourse and three magazines with sexual intercourse graphically depicted. The officer looked through the cards and magazines, and we think she had sufficient cause to arrest the appellant under 22 O.S.1971, § 196, ¶ 1, even though the appellant ultimately was charged only with the sale of the film. Even if the arrest had been illegal, it would not have prevented the trial court from having jurisdiction to try the appellant once she was physically before the court on a criminal charge. It merely would have made any evidence obtained by virtue of the illegal arrest inadmissible in the trial of the ac-

cused. See, *Richardson v. State*, Okl.Cr., 511 P.2d 1127 (1973). The film in question was purchased by an undercover police officer from the appellant prior to her arrest, and as this Court has held previously, a prior adversary hearing is not required when the allegedly obscene material is obtained by purchase. *State v. Combs*, supra; *Cherokee News & Arcade, Inc. v. State*, Okl.Cr., 533 P.2d 624 (1974).

 The appellant's fourth, fifth and sixth assignments of error may be treated together. She first maintains that the jury's verdict was contrary to the evidence, since the State introduced no evidence with regard to community standards. In case that assignment of error is decided against her, the appellant argues that she put on enough evidence of community standards to shift back to the State the burden of going forward with more evidence, and, finally, she contends that because of the strength of her evidence relating to community standards, the jury's verdict was contrary to the weight of the evidence.

In sum, the appellant is contending that the jury could not legitimately have found the film at issue to be obscene by contemporary standards. This is so, she says, because the State's only witness, the undercover police officer, testified that the film in question did not appeal to her prurient interests and because the appellant put on evidence indicating that the film was the kind of film which sold well in Tulsa. When the sufficiency of the evidence presented at the trial is challenged on appeal—and that is the effect of these three assignments—the proper test is whether a prima facie case was established by the State. If that test is satisfied, then all questions of fact are for the trier of fact to resolve. Compare *Templer v. State*, Okl. Cr., 494 P.2d 667 (1972). In introducing into evidence the movie, with its depictions of sexual intercourse and fellatio, the State did establish a prima facie case. And of course, expert testimony was not necessary to enable the jury to determine whether or not the film was obscene. *McCrary v. State*, Okl.Cr., 533 P.2d 629 (1974). The

jury viewed the movie and heard the appellant's evidence and made its findings. These assignments of error are without merit.

 The appellant's seventh assignment of error is that the punishment imposed upon her was at the least excessive and could constitute cruel and unusual punishment. Title 21 O.S.1971, § 1040.51, under which the appellant was charged, provides for a maximum punishment of 15 years' imprisonment and/or a fine of $25,-000.00. She received a sentence of three years' imprisonment and a fine of $15,-000.00. In her brief, the appellant asserts that Oklahoma is the only state in the United States providing for a possible sentence greater than seven years for an obscenity violation and that half the states have maximum punishments of one year or less. She also claims that 41 states impose a fine of $5,000.00 or less and 30 states impose a fine of $1,000.00 or less. While these data do indicate that Oklahoma's obscenity laws are severe, this is the sort of argument one would make to the Legislature in seeking to have the law changed, rather than to this Court in seeking to have a conviction under the law voided. Severe is not cruel. To constitute cruel and unusual punishment, a penalty must serve no valid legislative purpose. *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), Justice Marshall concurring. We believe that the penalty provided by Section 1040.51 indicates the Oklahoma Legislature's great concern to put a halt to obscenity traffic in Oklahoma. Clearly, this is a valid legislative purpose.

 The appellant also bases an argument on the provisions of 21 O.S.1971, § 1040.8, a misdemeanor, which she says punishes the same conduct as, and was enacted after, Section 1040.51. The United States Supreme Court confronted a similar issue in *United States v. Batchelder*, —— U.S. ——, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979), and a reading of that case is instructive.

The two statutes in *Batchelder* were both felonies, but they prescribed different pun-

ishments for the same act—receiving firearms by a convicted felon. The section with the greater punishment was enacted first and it was under that section that Batchelder was convicted. The Circuit Court of Appeals ordered the later, smaller prison sentence to be substituted for the earlier, longer one, but the Supreme Court held this to be error. Among other things, the Court said that the doctrine of implicit repeal could not be invoked merely by showing that two statutes produced different results in the same situation, but that the provisions must be repugnant to one another.

In *Batchelder* the Court cited two earlier cases: *United States v. Borden*, 308 U.S. 188, 60 S.Ct. 182, 84 L.Ed. 181 (1939), and *Berra v. United States*, 351 U.S. 131, 76 S.Ct. 685, 100 L.Ed. 1013 (1956). According to *Borden*, when two different statutes apply to the same subject matter the rule is to give effect to both statutes if it is possible. *Berra* involved two tax statutes, which the Court construed as identical. The Court without discussion said that the trial court was correct in refusing to instruct the jury that it could return a conviction under the statute with the smaller penalty, when the accused had been charged under the one with the larger penalty.

Finally, the Supreme Court saw no problem in the fact that the prosecutor could choose which statute to apply:

"[T]here is no appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with identical elements. . . . The prosecutor may be influenced by the penalties available upon conviction, but this fact standing alone does not give rise to a violation of the Equal Protection or Due Process Clauses. . . ." (Citations omitted)

On the basis of *Batchelder, Borden*, and *Berra*, we find no merit in the seventh assignment of error.

■ Assignment number eight on the other hand, raises genuine problems. In that assignment, the appellant complains of the trial court's denial of her requested instructions, and asserts that the instructions given assured a verdict of guilty. The most serious problem is the lack of a scienter instruction. In *Hanf v. State*, Okl.Cr., 560 P.2d 207 (1977), we prospectively required that the following instruction be given:

"You are instructed that the words 'knowingly' and/or 'wilfully,' as used in these instructions, require that you must find beyond a reasonable doubt from all the evidence in this case (either direct or circumstantial or both) that the defendant knew the contents of the material introduced into evidence as State's Exhibit(s) No.(s) ——."

Although the instant case was tried before out decision in *Hanf*, we did not make new law in that opinion. Requiring the State to prove scienter in an obscenity case is not a new requirement. See *Smith v. California*, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959). We merely set forth in *Hanf* a proper instruction to ensure that in the future the scienter issue would be sufficiently put to the jury.

The appellant in the present case submitted three requested instructions relating to scienter, yet the only reference to scienter was in instruction No. 3, which stated that "any person who *knowingly* buys, sells . . . any moving picture . . . which is obscene, . . . is deemed guilty of a felony . . . ." (Emphasis added) The State argues that because the word "knowingly" was in the information and because the jury was instructed that the State had to prove each element alleged in the information beyond a reasonable doubt, there was a sufficient instruction on scienter. This is absurd. If one followed the State's argument, there would only be two instructions necessary in any criminal case—one iterating what was set out in the information and one saying that the State was required to prove everything alleged in the information beyond a reasonable doubt.

On the other hand, however, both the United States Supreme Court and this Court have held that the State is not required to prove that a defendant knew that the material she was selling met the legal definition of obscenity, only that she knew the character and nature of the material she was selling. *Smith v. California*, supra, and *Hanf v. State*, supra. In the instant case it is clear from the evidence that the appellant knew the character and nature of the film when she sold it. The police officer and her companion asked the appellant if she "had some films with some good stuff in it," and the appellant showed them two films, a deck of cards and three magazines. As mentioned above, the cards and the magazines showed sexual intercourse. The box in which the film was packaged showed a woman committing fellatio. It was error for the court to fail to give a scienter instruction, but we are convinced that there is no reasonable possibility that the verdict would have been different had such an instruction been given. We therefore hold the error harmless.

In this same assignment of error, the appellant raises a number of other arguments which are also without merit. She complains that the trial court failed to tell the jury that "contemporary community standards" meant statewide standards, but that is not the law. *Hamling v. United States*, supra. She makes the same objection to the verdict form that she made to the information, and we make the same answer. See the second assignment of error.

The appellant next complains under this assignment that the instructions given to the jury did not properly incorporate the factors required by *State v. Combs*, supra. But compare the requirement of *Combs* quoted above under the first assignment of error, with the fourth instruction given by the trial court, which defined "obscene" as follows:

"1. The moving picture must depict, in a patently offensive way, an act or acts of sexual intercourse or unnatural copulation; and

"2. In addition thereto the moving picture must patently offend contemporary community standards; and

"3. In addition thereto, the moving picture, when such community standards are applied, must have as its dominant theme an appeal to the prurient interest of the average person when taken in its entirety; and

"4. In addition thereto, the moving picture must have no serious literary, artistic, political or scientific value."

Clearly, the trial court was complying with our requirement by instructing the jury in accord with *Miller v. California*, supra.

The appellant argues that when read as a whole, the instructions are confusing on the issue of obscenity and says the jury must have misunderstood the *Miller* standards because they were not given in their proper order. The judge told the jury that the appellant was charged with selling "moving pictures showing acts of sexual intercourse or unnatural copulation, to-wit: 'Aphrodesia, California Orgies', said moving pictures being obscene." Instruction No. 3, quoted in part above, stated that it is a felony to sell a moving picture "which is obscene." Instruction No. 4 defined "obscene." Instruction No. 5 defined "prurient interests." Instruction No. 6 told the jury that they must decide the obscenity issue on the basis of contemporary community standards, not on their own personal opinions. Instruction No. 7 emphasized the importance of the First Amendment. We do not believe the instructions were confusing nor do we find the change in order in Instruction No. 4 significant.

The ninth assignment of error is directed at the behavior of the prosecutor. The appellant first asserts that the Assistant District Attorney commented on her failure to take the stand; but her claim is not supported by the record. The prosecutor did refer to the evidence as being uncontradicted, and while it is true that such a comment could in some cases constitute error—for instance, in a rape case where the only evidence was the victim's testimony and the only possible contradiction would be

the testimony of the defendant—we have generally held it not error for a prosecutor to say that the State's evidence has not been contradicted. See, for example, *Davidson v. State*, Okl.Cr., 550 P.2d 974 (1976).

The appellant also asserts that the prosecutor was commenting on her failure to take the stand when he made the following comment:

"... It's amazed me that Mrs. Hunt sat back there as a spectator this whole time. She's not a spectator. She's a defendant. Don't be misled."

However, when taken in context it is clear that this is not a comment on the appellant's failure to take the stand, but rather a comment on the fact that she was sitting in the audience instead of at counsel table. The next comment made by the prosecutor was, "She's sitting back there instead of at counsel table where she belongs." In view of the nature of the case and the evidence presented by the appellant at the trial, we do not find that the prosecutor's comments were error.

The appellant has a second complaint about the prosecutor's argument, however, which has some merit. During direct testimony a psychology professor presented by the appellant, said that 85–90% of all men and 65–70% of all women in the United States have at some time been exposed to sexually explicit materials. The professor remarked in passing that most people are exposed to such material when they are adolescents. On cross-examination the prosecutor seized on this remark:

"Q. And I believe you told Mr. Gasaway that it's our kids who see it; is that correct?

"A. I didn't say that.

MR. GASAWAY: Your Honor, I object and—"

The appellant's objection was sustained as to the form of the question. But the prosecutor reemphasized the issue in his closing argument:

"... But when did he tell you they saw it? When in their life, in their development, did they see it? When they were adults? That's not what he said. You know what he said far better than I."

The obscenity issue at trial was whether or not one particular movie was obscene; but the prosecutor insisted on discussing the impact of pornography on the community. The State cannot claim that the error was invited, because the appellant did not raise the subject. The witness' statement was not in response to a question, but was thrown in passing, and the appellant never returned to the subject.

The prosecutor's comment is, for an obscenity case, the equivalent of commenting on the crime rate in a robbery case and cannot be allowed. In *Hildahl v. State*, Okl.Cr., 536 P.2d 1292 (1975), we were forced to reverse a conviction, partly because of improper instructions but also because of comments by the prosecutor. Compare *Stockton v. State*, Okl.Cr., 536 P.2d 982 (1975), in which we modified the sentence after the prosecutor talked about obscene materials getting into the hands of children. In the instant case, there is no doubt of the appellant's guilt but it is highly likely that the prosecutor's argument influenced the jury to return a more severe punishment than they might otherwise have done. For that reason we modify the sentence.

The final assignment of error is a cumulative error argument. The appellant asserts that there were numerous irregularities during her trial and argues that when the proceedings are viewed as a whole it can be seen that she did not get a fair trial. It is true that there are one or two things which, while correct, could have been done better. One example is the wording of the information. Also, things which should have been done were not—for instance, an instruction on scienter—and things which should not have been done were, such as the prosecutor's remarks. We have dealt with these issues individually and, on the whole, we do not believe that a reversal is called for. However, we have determined that it would be appropriate to modify the sentence from three (3) years' imprisonment and a fine of Fifteen Thousand Dollars

($15,000.00) to one (1) year's imprisonment and a fine of Five Thousand ($5,000.00) Dollars, and as *MODIFIED* is *AFFIRMED*.

BRETT, J., concurs in part and dissents in part.

BUSSEY, J., concurs.

BRETT, Judge, concurs in part, and dissents in part.

I concur that the sentence in this conviction should be modified. However, I dissent to the treatment of this conviction as a felony for the reason I believe that it should have been prosecuted as a misdemeanor.

Notwithstanding what the United States Supreme Court held in *United States v. Batchelder*, supra, while interpreting the Federal statutes and procedure, I believe that the action of the Oklahoma legislature, in passing the misdemeanor statute 21 O.S. 1971, § 1040.8, which became effective March 27, 1979, repealed by implication the provisions of 21 O.S.1971, § 1040.51, the felony statute, which became effective April 29, 1978. Therefore, I believe the charge should have been lodged as a misdemeanor instead of a felony, and I believe this conviction should be for a misdemeanor.

The subsequent misdemeanor statute covers everything that the felony statute covered and even more. The felony statute provides in brief, that any person who knowingly buys, barters, traffics in, causes to be delivered or transported any picture; series of pictures, drawing, diagram or photograph; or any person or animal or caricature in any act or acts of sexual intercourse or unnatural copulation, shall be deemed guilty of a felony.

The subsequent misdemeanor statute provides, in brief, that any person who knowingly photographs, act in, pose for, print, sell, offer for sale, give away, exhibit, publish or offer to publish, otherwise distribute, make, display or exhibit any book, magazine, story or pamphlet, paper, writing, card, advertisement, circular, print, picture, photograph, motion picture, image, cast, slide, figure, instrument, statute, drawing, presentation or other article which is obscene, lascivious, lewd or unfit as defined in 21 O.S.Supp.1968, § 1040.12, shall be guilty of a misdemeanor.

Considering the two statutes, I believe it is improper to authorize the prosecutor to elect whether to charge a defendant with a felony or a misdemeanor for the same act committed under the same circumstances by persons in like situations.

With the exception of our holding in *McCrary v. State*, Okl.Cr., 507 P.2d 924 (1973), the generally held view is that giving the prosecution discretion to choose whether to charge a defendant with a felony or a misdemeanor for the same act committed under the same circumstances by persons in like situations, is violative of the equal protection clause of the Fourteenth Amendment of the United States Constitution. See, inter alia, *People v. Calvaresi*, 188 Colo. 277, 534 P.2d 316 (1975); *State v. Blanchey*, 75 Wash.2d 926, 454 P.2d 841 (1969), cert. denied 396 U.S. 1045, 90 S.Ct. 694, 24 L.Ed.2d 688 (1970); *Olsen v. Delmore*, 48 Wash.2d 545, 295 P.2d 324 (1956); *State v. Pirkey*, 203 Or. 697, 281 P.2d 698 (1955), in which it was stated at page 701, "The constitution does not require that a law shall affect all persons exactly alike, but there is a guarantee of like treatment to all persons similarly situated." *Clark v. State*, 53 Ariz. 416, 89 P.2d 1077 (1939).

In this jurisdiction, prior to *McCrary*, 507 P.2d 924, supra, this Court held that where the terms of a later statute are repugnant to the terms of a prior statute, the later statute supercedes the earlier statute, and the earlier statute is deemed to be implicitly repealed by the enactment of the later statute. See, *Atchley v. State*, Okl.Cr., 473 P.2d 286 (1970), wherein this Court held that 47 O.S.1961, § 11–903, providing criminal sanctions for negligent homicide, superseded 21 O.S.1961, § 716, the manslaughter statute, as it pertained to death by criminal negligence of another by the driving of an automobile. Nor do I think it can be said that 21 O.S.1971, § 11, can or does authorize the legislature to pass statutes giving the prosecutor the option of choosing whether

to file a misdemeanor or a felony charge against a person on the basis of prosecutorial whim. It is clear to me that the statement, "But an act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions," refers to such situations as in *Crutchfield v. State*, Okl.Cr., 553 P.2d 504 (1976), where the State chose to charge the defendant with the crime of injury to public buildings rather than with the crime of injury to pipes and wires, where the defendant injured a public building by carrying out pipes and wires. As the last amendment to 21 O.S.1971, § 1040.8, occurred after the enactment of 21 O.S.1971, § 1040.51, and as the rulings of the Supreme Court of the United States pertaining to the interpretation of state statutes, and of this Court have determined that the two statutes proscribe exactly the same, therefore we should declare that 21 O.S.1971, § 1040.51, has been implicitly repealed by 21 O.S.1971, § 1040.8, to the extent that the two statutes prohibit the same activity.

Therefore I concur that the sentence herein should be modified, but I dissent to the treatment of this conviction as a felony conviction.