Eddie Dean SMITH, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–18159.

Court of Criminal Appeals of Oklahoma.

May 31, 1973.

James M. Fullerton, Norman, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., Charles F. Alden, III, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Eddie Dean Smith, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Cleveland County, Case No. CRM–72–1100, for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor. His punishment was fixed at ten (10) days in the Cleveland County Jail and a fine of fifty dollars ($50.00), and a timely appeal has been perfected to this Court.

A brief statement of the facts are that Jim Levine, a campus policeman employed by the University of Oklahoma, on September 26, 1972, was patrolling the University of Oklahoma property in and around the vicinity of Chautauqua and State Highway 9. He observed the defendant going at a high rate of speed on State Highway 9. He then pursued the defendant, overtaking him and stopping him at the vicinity of State Highway 9 and Classen Boulevard, for speeding. After stopping the defendant, Officer Levine advised the defendant he was stopped for excessive speed and by observation, determined that the defendant was intoxicated. After conducting a field sobriety test, Officer Levine took the defendant into custody and drove him to the University of Oklahoma Police Station, where he was detained for approximately ten minutes, then driven to the Cleveland County Jail, where he conducted a breathalyzer test and took movies of the defendant.

The first question to be decided by this Court is does a campus police officer, acting in that capacity have the power and authority to make arrests on property not owned by the University.

Title 74 O.S.1971 § 360.11 states in part:

"The governing or controlling board of any State Institution of Higher Education and the Board of Education in Public School Systems is hereby authorized to appoint necessary officers to be designated as campus police *for the purpose of protecting all properties of such institutions wherever located in the State of Oklahoma.*" (Emphasis added)

Title 74 O.S.1971 § 360.13 states:

"Any campus policeman or other officer appointed under the provisions of this act shall have all the powers vested by law in peace officers, except the serving or execution of civil process, *in the protection and guarding of grounds, buildings, and equipment of the institution involved* and shall direct his attention to

the prevention of improper conduct and trespassing on the property of such institutions or state park or recreation area, and, if required, make arrests and take into custody persons guilty of improper conduct or trespassing." (Emphasis added)

 It is this Court's opinion that the powers of a campus policeman are limited to the protection and guarding of grounds, buildings, and equipment of the institution. Therefore, Officer Levine had no power or authority acting as a campus policeman to make the arrest in the instant case.

Next, we must determine if the arrest in the instant case was valid under any other theory.

The record reveals that the Answers to Interrogatories submitted by Sheriff Bill Porter state that Officer Levine was deputized ("to enforce laws on any property that immediately surrounds the University of Oklahoma") under authority of 19 O.S. 1971 § 548 which states:

"Every appointment of an under-sheriff or a deputy sheriff, and every revocation of such appointments, shall be in writing, under the hand of the sheriff, and shall be filed in the office of the clerk of the county; *but this section shall not extend to any person who may be deputized by any sheriff or under-sheriff to do any particular act only.*" (Emphasis added)

 It is our opinion that an appointment under this act applies to situations where the sheriff deputizes a person for one act or one incident only and upon completion of this act, his powers as a deputy terminates. In the instant case, an attempt was made to give Officer Levine a general continuous grant of power, to-wit: "to enforce laws on any property that immediately surrounds the University of Oklahoma." We do not believe a general continuance grant such as this falls within § 548, supra.

This is not to say that the Sheriff under § 548, supra cannot deputize a campus policeman to service warrants, etc., but his powers as a deputy terminates upon the completion of the particular act authorized to perform.

 In the State's brief it is contended that the arrest by Officer Levine was proper under 22 O.S.1971 § 202 through 206. Section 202 states in part:

"A private person may arrest another:

"1. For a public offense committed or attempted in his presence . . ."

Section 205 states:

"A private person who has arrested another for the commission of a public offense, *must, without unnecessary delay, take him before a magistrate or deliver him to a peace officer.*" (Emphasis added)

The record in the instant case reveals that Officer Levine did not comply with the above statutes in order to make a valid citizen's arrest.

It is therefore the order of this Court that this cause should be reversed and remanded with instructions to dismiss and the same is hereby reversed and remanded with instructions to dismiss.

BUSSEY and BRETT, JJ., concur.