**Frank P. RICHARDSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–73–70.**

Court of Criminal Appeals of Oklahoma.

June 20, 1973.

Tom A. Lucas, Norman, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Frank P. Richardson, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Cleveland County, Oklahoma, Case No. CRM–72–1443, for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor. His punishment was fixed at ten (10) days in the county jail and a fine of one hundred fifty dollars ($150). From said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial Officer Jim Luster testified that on December 9, 1972, he was employed by the Oklahoma University Campus Police Department and on that date he arrested the defendant for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor. Officer Luster further testified that at no time during his observation of the defendant prior to the arrest or at the time of the arrest was he or the defendant on property owned or controlled by the University of Oklahoma. After arresting the defendant, Officer Luster transported the defendant to the University of Oklahoma Police Department and photographed the defendant. He then transported the defendant to the Norman Municipal Hospital, where a blood test was administered. From the Norman Municipal Hospital, Officer Luster transported the defendant to the Cleveland County jail where the defendant was booked into jail.

The defendant contends the trial court erred in overruling his motion to suppress as the arrest was made by an Oklahoma University Police Officer, acting in that capacity, outside property owned by the University of Oklahoma. We agree. See 74 O.S. 1971, § 360.11, 74 O.S. 1971, § 360.13, and for a complete discussion of this issue, see Smith v. State, Okl.Cr., 510 P.2d 962 (1973), Case No. 18,159, which had the identical fact situation as the instant case.

It must be noted that nothing in this decision or the decision in *Smith*, supra, should be interpreted to mean that by reason of an illegal arrest a trial court does not have jurisdiction to try a defendant who is physically before the court on a criminal charge. An illegal arrest does not preclude the trial of a defendant, but simply makes any evidence obtained by virtue of an illegal arrest inadmissible in the trial of the accused. See Allen v. State, Okl. Cr., 400 P.2d 463 (1965), and Catron v. City of Ponca City, Okl.Cr., 340 P.2d 504 (1959).

In the instant case, as in *Smith*, supra, the only evidence the state produced at trial bearing upon the guilt of the defendant was inadmissible by reason of the illegal arrest.

Therefore, it is our opinion that this cause should be, and the same is hereby, reversed and remanded with instructions to dismiss, unless the state can produce additional evidence other than the evidence obtained by reason of the illegal arrest.

BUSSEY and BRETT, JJ., concur.