Michael Arthur **TURNBOW**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–73–76.

Court of Criminal Appeals of Oklahoma.

Sept. 14, 1973.

Don C. Davis, Lawton, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Michael Arthur Turnbow, hereinafter referred to as defendant, was charged and convicted in the District Court of Comanche County, Oklahoma, for the offense of Burglary in the Second Degree, After Former Conviction of a Felony. His punishment was fixed at ten (10) years in the State Penitentiary. From said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial Dr. Neal Perry testified that on August 2, 1972, he parked and locked his automobile at the Cinema Theater located in Lawton, Oklahoma. As Dr. Perry approached the theater, he observed a person in the shadows of the side of the theater. Dr. Perry then identified the defendant as the person he observed in the parking lot. Upon returning to his automobile after viewing the movie, he discovered his automobile was unlocked and his black emergency bag was missing. His bag was engraved with his name in gold leaf. Dr. Perry then identified State's Exhibit 1 as the bag taken from his car on August 2, 1972. Dr. Perry further testified that upon discovering his bag was missing, he reported the incident to the Lawton Police Department.

Paul Welker testified he was employed as a police officer with the Lawton Police Department on August 2, 1972. On that date he was assigned as a "stake out" to observe parking lots and the cars in the downtown area and at approximately 1:00 a. m., August 3, 1972, he observed the defendant walk up to two or three parked cars, lean against the door window and look into the vehicles. Officer Welker then approached the defendant to make a "field interview." Thereafter, Officer Welker observed Dr. Perry's emergency bag in the backseat of a 1964 Chevrolet parked near the parking lot where he observed the defendant.

Robert Schulte, a detective for the Lawton Police Department, testified that he met with the defendant on August 3, 1972. He identified himself to the defendant, informed the defendant of what charge he was being held on and advised him of his Miranda warnings. Thereafter, defendant signed a waiver of his Miranda warnings. The defendant then related to him that "he was in back of the Cinema Showcase when he observed a late model car pull into the parking lot. After the occupants left the car, he took a hanger he had in his car and straightened the hanger out, went to the car's front door on the passenger's side, unlocked it and removed a black bag and then left the parking lot."

The defendant testified in his own behalf. He admitted three prior felony convictions, but categorically denied the State's evidence in chief.

■ The defendant's first three assignments of error allege that the arrest of the defendant and search were illegal, therefore all evidence secured thereby was inadmissible. Assuming, arguendo that the arrest of the defendant was illegal, this did not affect the jurisdiction of the trial court or preclude trial of the defendant for the offense. See Allen v. State, Okl.Cr., 400 P.2d 463 (1965) and Richardson v. State, Okl.Cr., 511 P.2d 1127 (1973). Further, assuming arguendo that all the evidence attained by reason of an unlawful search

was not admissible, it is our opinion that there was still sufficient evidence presented by the State to convict the defendant.

This brings us to defendant's fifth assignment of error which will be discussed prior to assignment of error number four. The defendant's fifth assignment of error contends that the oral statement admitting guilt allegedly made by defendant was inadmissible and will not, on its own, sustain a conviction.

The defendant's argument under this proposition is that the State failed to prove the corpus delicti beyond a reasonable doubt and cites the case of Billey v. State, Okl.Cr., 381 P.2d 160 (1963) which holds in Syllabus 2 and 3:

"2. In every criminal prosecution the burden rests upon the state of proving the corpus delicti beyond a reasonable doubt, and that a crime has actually been committed must necessarily be the foundation of every criminal prosecution, and this must be proven by testimony other than a spontaneous statement of an extra-judicial nature, alleged to be a confession; the confession being admitted merely for the purpose of connecting the accused with the offense charged.

"3. Extra-judicial confession does not warrant a conviction unless it is corroborated by independent evidence, either direct or circumstantial."

■ In the instant case Dr. Perry testified that he locked his car prior to entering the movie theater and upon approaching the theater, observed the defendant in the parking area. Upon arriving back at his automobile, Dr. Perry testified his car was unlocked and his emergency bag was missing. It is our opinion that this evidence was sufficient to prove the corpus delicti beyond a reasonable doubt.

As to defendant's contention that his confession is not admissible, the record reveals that the trial court held a hearing outside the presence of the jury on the voluntariness of the defendant's confession

prior to admitting same and determined that the defendant had been informed of Miranda warnings and had waived same prior to confessing to Officer Schulte. The record further reveals that the trial court properly instructed the jury on the voluntariness of the defendant's confession. It is therefore our opinion that the proof of the corpus delicti, evidence placing the defendant at the scene and his confession was sufficient evidence to support defendant's conviction.

■ The defendant's fourth proposition asserts that the trial court committed error in refusing to grant defendant's motion for mistrial. It is defendant's contention under this proposition that as the trial court prior to trial had ruled inadmissible any statements made by defendant to officers at the time of the arrest, that the statement made by Officer Welker in court concerning the ownership of the 1964 Chevrolet in which the physician's black emergency bag was found was a conclusion which could only be known through statements made by the defendant to Officer Welker.

The following statements appear in the transcript:

"Q. Would you describe what you have drawn there?

"A. Yes, sir, the blue car or the shaded blue drawing is the defendant's Chevrolet; it's roughly—that's where it was; it was down three or four cars from the end.

"MR. DAVIS: Your Honor, I object to that answer as being the Defendant's Chevrolet; there's been no—nothing here introduced to indicate that car belonged to anyone.

"BY THE COURT: The objection will be sustained, and the jury will be admonished not to consider that part of the answer of the witness." (Tr. 21–22)

As the trial court admonished the jury to disregard the statement made by Officer Welker and the overwhelming weight of the evidence points to the defendant's guilt,

we are of the opinion that if error occurred, it was harmless error.

It is our opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BLISS, P. J., concurs.

BRETT, J., concurs in results.