**Fred Roy BIRDSHEAD, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–73–141.**

Court of Criminal Appeals of Oklahoma.

Nov. 7, 1973.

Rehearing Denied Nov. 30, 1973.

Stephen Jones, Mary Bane, Enid, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Charles P. Rainbolt, Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

Appellant, Fred Roy Birdshead, hereinafter referred to as defendant, was charged and tried for the crime of Murder in the District Court, Blaine County, Case No. CRF–72–37, and convicted for the lesser included offense of Manslaughter in the Second Degree. His punishment was fixed at a term of four (4) years imprisonment with the last two years suspended. From said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated the facts are that on October 9, 1972, the defendant and Minnie M. Washee, the deceased, were drinking at

one Elizabeth Good Bear's house. Also present at Elizabeth Good Bear's house were Elizabeth Good Bear's sister and brother and one individual by the name of "Funny."

During the course of the evening, defendant stated he was going to get a gun apparently because of an argument which arose between Elizabeth Good Bear's sister-in-law's sons. After the defendant stated he was going to get a gun, it was between thirty minutes and an hour before he left.

When the defendant left Elizabeth Good Bear's home, he asked Elizabeth to go with him, but she declined and the deceased said she would go with him. The defendant and the deceased then left the house and went to the defendant's father's house. Upon arriving there, they visited a while and deceased wanted more beer. The defendant told her they would have to take a taxi as he did not have a car and they might get picked up if they walked in the drunken condition in which they were.

After a discussion on a gun the defendant had recently purchased from another soldier, the deceased went to use the bathroom and the defendant got the gun to show her how it would work. The gun was not loaded, but the defendant proceeded to show her how to load it. He squatted down next to the deceased in the bathroom, showing her the gun. The defendant got up and started walking away, telling the deceased to hurry and turned the cylinder of the gun, which required cocking the gun. The gun fired, striking the deceased in the head, killing her.

The record further reveals that at the time of defendant's arrest he tested on a breathalyzer test at .249 percent blood alcohol concentration w/v.

■ The defendant asserts that the State's evidence was insufficient to support the verdict and the State failed to prove culpable negligence on the part of the defendant. The defendant's argument under this proposition is that the State's evidence

showed that the deceased's death was a result of an accident. In the case of Elix v. State, 77 Okl.Cr. 45, 138 P.2d 139, this Court held:

"2. Whether in any particular case the homicidal act was the result of accident must be gathered from all the facts and circumstances surrounding the transaction, and this is a question for determination of the jury under proper instructions.

"3. Every killing of one human being by the act, procurement or culpable negligence of another, which is not murder, nor manslaughter in the first degree, nor excusable nor justifiable homicide, is manslaughter in the second degree. 21 O.S.1941 § 716.

"4. The culpable negligence referred to in the above statute is the omission to do something which a reasonable and prudent person would do, or the want of the usual and ordinary care and caution in the performance of an act usually and ordinarily exercised by a person under similar circumstances and conditions."

In the instant case the defendant got out a dangerous weapon (gun) while very drunk, loaded it, cocked the gun and turned the cylinder causing the gun to fire and kill the deceased. We believe this was sufficient culpable negligence to justify conviction for Manslaughter in the Second Degree.

■ The defendant and the State both waived a jury trial resulting in the trial judge becoming the trier of the facts. This Court has repeatedly held that where there is competent evidence in the record from which the trier of facts could reasonably conclude that the defendant was guilty as charged, this Court will not interfere with the trier of the facts determination upon the grounds that evidence is insufficient to sustain the verdict. See Tilley v. State, Okl.Cr., 511 P.2d 586.

Therefore, having considered the briefs and records before this Court, and finding that the defendant was not deprived of any fundamental right, we are of the opinion

that judgment and sentence herein should be, and the same is hereby, affirmed.

The record reveals that the defendant is a full-blood Arapaho Indian and is a staff sergeant in the United States Army where he has served for approximately twelve (12) years and has received numerous medals and commendations. The only prior record the defendant has is an Article 15 for being late for duty and he spent one night in jail in Canton, Oklahoma, prior to entering the service. We therefore direct the defendant and his attorney's attention to 22 O.S.1971 § 994.

Affirmed.

BLISS, P. J., and BRETT, J., concur.