CAMPUS POLICE — ARRESTS Although a campus police officer may not make a valid arrest off university property acting under a commission granted by the governing or controlling Board of Central State University, such officer is not prohibited under existing state law from enforcing city ordinances and state laws off the university property acting under authority of a separate, valid police commission, provided, the officer is limited to exercising the power granted by such separate commission. The Attorney General has considered your opinion request wherein you ask the following question: "Whether or not Central State University campus police officers can make valid arrests surrounding and within the university, but not on university property, under authority of special police commissions issued by the City of Edmond." Campus police are created and governed by 74 O.S. 360.11 [74-360.11], 74 O.S. 360.12 [74-360.12], and 74 O.S. 360.13 [74-360.13] (1971), respectively, which provide in pertinent part: "The governing or controlling board of any State Institution of Higher Education . . . is hereby authorized to appoint necessary officers to be designated as campus police for the purpose of protecting all properties of such institutions wherever located in the State of Oklahoma. "(The Board) — shall prescribe the duties for the officers appointed by them, — . Upon appointment each such campus policeman shall be given a written commission evidencing his appointment and authority together with a detailed description of his person in order to properly identify his official capacities. "Any campus policeman shall have all the powers vested by law in peace officers, except the serving or execution of civil process, in the protection and guarding of grounds, buildings, and equipment of the institution involved, and shall direct his attention to the prevention of improper conduct and trespassing on the property of such institutions and, if required, make arrests and take into custody persons guilty of improper conduct or trespassing." In Attorney General Opinion No. 70-198 (August 28, 1970), it was held that a campus policeman would not be precluded from properly enforcing city ordinances or state laws off campus as a private citizen or under another official capacity, but that the powers vested in a campus policeman as a peace officer are limited to the protection and guarding of grounds, buildings and equipment of the institution involved. Subsequently, in Smith v. State, Okl. Cr., 510 P.2d 962
(1973), the Court of Criminal Appeals also held that the powers of a campus policeman, acting in that capacity, are limited to the protection and guarding of grounds, buildings and equipment of the institution. (Emphasis added.) The Court further held that a campus policeman, also deputized under 19 O.S. 1971 548 [19-548], could not be given a general continuous grant of power "to enforce laws on any property that immediately surrounds the University of Oklahoma," since such appointment under Section 548, supra, applies to situations where the sheriff deputizes a person for one act or one incident only and the powers as a deputy terminates upon completion of the particular act for which the deputy was appointed. The court added the following language: "This is not to say that the Sheriff under 548, supra, cannot deputize a campus policeman to serve warrants, etc., but his powers as a deputy terminates upon the completion of the particular act authorized to perform." Significantly, the Court did not hold that a campus policeman could not exercise powers granted him under a separate law enforcement commission on property not owned by the university, nor condemn the practice of a campus policeman holding such separate commission, but construed Section 548, supra, to authorize only limited authority. For purposes of this opinion, it is presumed that the governing or controlling board of Central State University, in prescribing the duties for campus policeman under 74 O.S. 360.12 [74-360.12] (1971), has determined that such campus policeman, while acting under the authority of an Edmond police commission off university property, would be serving his designated purpose — in protecting the property of the institution, as provided for in 74 O.S. 360.11 [74-360.11] (1971). Such purpose could conceivably be appropriate for example, when a campus policeman might observe a motorist driving recklessly or under the influence of intoxicants on a city street adjacent to university property, thereby endangering such property. Contemporaneously with any arrest to be made by such campus policeman off university property, the arrestee should be informed of the arresting officer's authority, i.e. as a commissioned officer of the city, rather than a campus policeman. It is, therefore, the opinion of the Attorney general that your question be answered in the affirmative. Although a campus police officer may not make a valid arrest off university property acting under a commission granted by the governing or controlling Board of Central State University, such officer is not prohibited under existing state law from enforcing city ordinances and state laws off the university property acting under authority of a separate, valid police commission, provided, the officer is limited to exercising the powers granted by such separate commission. (Bill J. Bruce) ** SEE: OPINION NO. 79-033 (1979) ** ** SEE: OPINION NO. 80-166 (1980) **