DEPUTIES — LEGALITY A county sheriff may appoint deputies in three basic categories. The first category includes the regular salaried staff as provided by Title 19 O.S. 541 [19-541] — 19 O.S. 542 [19-542] based upon the population of the county. Deputies in this category must be certified, i.e., trained and tested, by the Southwest Center for Law Enforcement Education pursuant to Title 70 O.S. 3311 [70-3311] (1974). The second category may consist of any number of additional deputies to preserve the peace and dignity of the county who must be bonded and commissioned and who must be certified pursuant to Title 70 O.S. 3311 [70-3311] (1974). Any person commissioned by the sheriff under Section 19 O.S. 545 [19-545] and bonded as provided by law is entitled and required to be trained and tested by the Southwest Center for Law Enforcement Education and Training. The third category of deputy sheriffs extends to those persons deputed to do particular acts who are not subject to the provisions of Section 3311 in light of their "temporary" status and whose appointments lapse upon the accomplishment of the act or acts for which the persons were deputed. It should also be noted that under the provisions of 47 O.S. 97 [47-97] (1971), the Board of County Commissioners is empowered to commission "special officers'' for the enforcement of traffic laws within the county. Officers so appointed must be trained and tested pursuant to Section 3311. Any person lawfully appointed under the provisions of 19 O.S. 541 [19-541] (1971), 19 O.S. 542 [19-542], 19 O.S. 545 [19-545] and 19 O.S. 547 [19-547] [19-547] is empowered to perform all functions commensurate with the position of deputy sheriff including the power to carry a weapon and serve search warrants and warrants of arrest. The Attorney General is in receipt of your request for an opinion concerning the legality of the appointment of "special deputies", "auxiliary deputies", or members of a "sheriff's posse", and further inquire into the authority and power of such "special deputies". Title 19 O.S. 541 [19-541] (1971), provides in pertinent part: "With the approval of the board of county commissioners, the sheriff may appoint the following help in his office, to receive the salaries herein set out, to be paid out of the count., general fund as the salaries of other county officers are paid out, to-wit: . . ." Section 19 O.S. 541 [19-541], which is quite lengthy, goes on to enumerate the number of deputies and the compensation to be paid them in the various counties of the State according to population. Title 19 O.S. 542 [19-542] (1971), provides in part: "The sheriff may, by and with the consent of the county commissioners, appoint one under-sheriff and two field deputy sheriffs in counties of less than ten thousand population. In counties of over ten thousand population and less than thirty thousand population the sheriff may appoint one field deputy for each additional five thousand population or major fraction thereof, and in counties having in excess of thirty thousand the sheriff may appoint one deputy for each additional ten thousand population or major fraction thereof, . . . And provided, further, that the sheriff may, by and with the consent of the board of county commissioners, appoint one lodge deputy sheriff for each organized A.H.T.A. Lodge in his county, when the applicant is endorsed by the president and secretary of the lodge, with the seal of the lodge thereto attached. . ." Title 19 O.S. 545 [19-545] (1971), provides in pertinent part: "In addition to the deputy sheriffs appointed by the sheriff, as herein provided, such sheriff is hereby authorized to appoint and commission such additional number of deputy sheriffs in his county as may be necessary to preserve the peace and dignity of his county; and such deputy sheriffs so appointed, however, are required to enter into a bond to the sheriff of the county, conditioned as provided by law, for the faithful performance of their duty, and to hold the said sheriff harmless for all damages resulting from the acts of such deputy while acting in his official capacity. Such deputy sheriffs so appointed, as provided in this section, shall receive as full compensation for their services the fees earned by them. Such fees are the same as are allowed constables under the law, and same are to be paid as the fees for constable work . . . provided, however, in all counties of the State having population of not less than 43,000 according to the last Federal census or any special Federal census, the sheriff, by and with the consent of the Board of County Commissioners shall appoint such additional deputies as shall be necessary, such deputies to receive for their compensation all civil fees earned by them and 75 per cent of all criminal fees earned by them, . . ." Title 19 O.S. 547 [19-547] (1971) provides: "Each sheriff may appoint such number of deputy sheriffs as the business of his office may require, but shall appoint only such persons as the board of county commissioners approve. For the official acts of his under-sheriff and deputy sheriffs, he shall be responsible, and may revoke such appointments at his pleasure. He, or the under-sheriff, may in writing depute certain persons to do particular acts. The sheriff and his sureties shall be responsible on his official bond for the acts and omissions of his under-sheriff and deputy sheriffs, and also of persons deputed to do particular acts." From a reading of the above sections of the statutes, it appears that a county sheriff may appoint deputies which fall into three basic categories. Under the terms of Sections 541 and 542 above, the county sheriff may appoint what could be characterized as his regular salaried staff, the number and compensation of which is dependent upon the population of the county and upon 19 O.S. 180.65 [19-180.65] (1971). Under the terms of Section 545, it is apparent that the sheriff may appoint any number of additional deputies to preserve the peace and dignity of the county so long as they are commissioned and enter into a bond running to the sheriff to hold the sheriff harmless for damages resulting from the acts of such deputies. A third category of "deputy sheriffs" arises under the provisions of Section 19 O.S. 547 [19-547], which empowers the sheriff to appoint such number of deputy sheriffs as the business of his office may require and to depute certain persons to do particular acts. It would appear from the above analysis of the statutes that a county sheriff has a wide latitude in the appointment of persons to serve as deputy sheriffs. However, a subsequent enactment of the Oklahoma Legislature has imposed certain limitations on the power of the sheriff as to whom he may appoint and has established certain educational requirements for any person to serve as a peace officer in the State of Oklahoma. Title 70 O.S. 3311 [70-3311] (1974) provides in pertinent part: "(g) No person shall receive a permanent appointment as a police or peace officer in this state as defined by paragraph 4 of this section, unless he has undergone evaluation similar to a Minnesota Multi-Phasic Personality Inventory or its equivalent, as determined by the Council on Law Enforcement Education and Training and has been awarded a certificate, attesting to his satisfactory completion of a basic police course of not less than one hundred twenty (120) hours of accredited instruction from the Southwest Center for Law Enforcement Education or a curricula or course of study approved by the Southwest Center for Law Enforcement Education. "(1) Every person who is not the holder of such certificate, and is duly appointed as a police or peace officer, shall be appointed to such position on a temporary basis only, and shall, within one (1) year from the date of appointment, qualify as required in the preceding paragraph or forfeit such position. A duty is hereby imposed upon the officer and department head to withhold payment of the compensation or wage of said unqualified officer. If the peace officer fails to forfeit his position or the Department by which he is employed fails to require the officer to forfeit his position, the district attorney shall file the proper action to cause the forfeiting of such position. The district court of the county where the officer is employed shall have jurisdiction to hear the case. "(2) Police departments and other duly constituted law enforcement agencies which in due course administer tests similar to the Minnesota Multi-Phasic Personality Inventory or equivalent tests and offer basic police courses within their respective agencies or departments, approved by the Council on Law Enforcement Education and Training, shall be exempt from the provisions herein. "(3) Every person who is employed as a permanent police or peace officer prior to July 1, 1968, or is retired under Title 11, Section 541k, shall enjoy the privilege of certification as afforded by this section. "(4) For purposes of this section a police or peace officer is defined as a full-time duly appointed or elected officer, whose duties are to preserve the public peace, protect life and property, prevent crime, serve warrants, and enforce all laws and city ordinances of this state, and any political subdivision thereof; provided elected sheriffs and their deputies and elected and appointed chiefs of police shall meet the requirements of paragraph (g) hereof within the first twelve (12) months after assuming the duties of the office to which they are elected or appointed." It is apparent from a clear reading of subsection (g) above that the Legislature intended that no person receive a permanent appointment as a peace officer in this state unless the person meets certain educational requirements and undergoes a psychological evaluation. A person, in order to function as a peace officer, must hold a certificate which serves as an indicia of his completion of the basic police course of not less than one hundred twenty (120) hours of instruction from the Southwest Center for Law Enforcement Education or a course approved by the Center. The only exception to this requirement is found in subsection (g)(2) which exempts police departments and other law enforcement agencies which have "in-house" testing and training approved by the Council on Law Enforcement Education and Training. There is no doubt that Section 3311 applies fully to the regular salaried staff of the sheriff. The number and compensation of deputies is specifically set out by 19 O.S. 541 [19-541], 19 O.S. 542 [19-542] and 19 O.S. 180.65 [19-180.65] (1971), and the commission to those deputies are "permanent" and their duties are "fulltime" within the purview of Section 3311. It is also abundantly clear that deputies appointed "to do particular acts' under 19 O.S. 547 [19-547] (1971), are exempt from the operation of Section 70 O.S. 3311 [70-3311] in that the appointment is by its nature "temporary" and not "permanent" and a deputy so appointed fulfills the function of a deputy sheriff for the particular act only. Once the act is accomplished for which the deputy was appointed, the appointment lapses. Persons so deputed do not come within the purview of Section 3311 and need not have the requisite training and testing required by that section. However, it should be recognized that appointments to do particular acts may not be utilized to empower one to act under a continuous grant of power. See Smith v. State, Okl. Cr., 510 P.2d 962
(1973). In Smith, it was specifically, held that a county sheriff could not lawfully deputize a university policeman so as to give him a general grant of power to enforce laws on property surrounding the university. A more difficult question is presented by Title 19 O.S. 545 [19-545] (1971), which authorizes a sheriff to appoint and commission "such additional number of deputy sheriffs in his county as may be necessary to preserve the peace and dignity of his county". It should be noted that the compensation received by deputy sheriffs appointed under Section 19 O.S. 545 [19-545] is by "fees earned by them". From a reading of Section 19 O.S. 545 [19-545], it is apparent that the Legislature intended that the appointment and commission of an additional deputy to the regular staff of the sheriff is a "permanent" appointment and commission. Because of the permanency of the appointment, and even though deputies appointed under Section 545 may or may not be "full-time" deputy sheriffs, it was the intention of the Legislature that the provisions of 70 O.S. 3311 [70-3311] (1974), apply to such deputies. When the sheriff permanently appoints a person under the general proposition that his appointment is "necessary to preserve the peace and dignity of his county", it is clear that the person so appointed should be trained and tested pursuant to Section 70 O.S. 3311 [70-3311]. The words "full time" in Section 70 O.S. 3311 [70-3311](g)(4) include any person who holds a "permanent" commission from the sheriff. Any person commissioned by the sheriff under 19 O.S. 545 [19-545] (1971), and bonded as provided by statute, is entitled and required to be trained and tested by the Southwest Center for Law Enforcement Education. The Board of County Commissioners may also appoint certain officers to assist in the enforcement of motor vehicle laws pursuant to 47 O.S. 97 [47-97] (1971). Such officers must receive a commission from the Board and execute a bond. The statute provides that officers so appointed and commissioned receive as their only compensation one-fourth (1/4) of the fines and forfeitures derived from motor vehicle violations. There is a question, which is outside the purview of this opinion, as to whether the subsequently enacted statutes relating to the Court Fund and the specific provisions relating to expenditures therefrom abrogate Section 47 O.S. 97 [47-97] and render it repealed by substitution or implication. Since the question is not presented in your request, it will not be answered by this opinion. In response to your more specific question concerning the authority of a deputy sheriff or "special" deputy sheriff to carry a weapon and serve search warrants and arrest warrants, suffice it to say that any person who has been lawfully appointed to serve as a deputy sheriff under the provisions of Title 19 O.S. 541 [19-541], 19 O.S. 542 [19-542], 19 O.S. 545 [19-545] [19-545] and 19 O.S. 547 [19-547] (1971), is empowered to perform all functions commensurate with the position of deputy sheriff including carrying a weapon and serving search warrants and warrants of arrest. Nothing in this opinion should be construed so as to condone the practice of giving honorary deputy cards which create a confusion as to whether the holder of an honorary card has the authority and powers of a deputy sheriff. If such cards are distributed by the sheriff and intended merely as courtesy cards, they should be worded so as to obviate any confusion which could be created. In the case of Allen v. State, Okl. Cr., 105 P.2d 450 (1940), the following language appears: "Practice of sheriffs over the State in giving these honorary commissions, in view of the statute on disqualifications of jurors, is a practice that should be stopped. If they are intended merely as courtesy cards, they should be worded as courtesy cards and no confusion would be caused in the trial courts or on appeal to this court by reason of the raising of this question. "This court recently had called to its attention the courtesy cards issued by the Sheriff of Oklahoma County. This card grants all the privileges which are intended by the Sheriff the holders of said cards should have and does not present the question that they are deputy sheriffs. For the convenience of the sheriffs of this State, who do not have a form of courtesy card, but have been issuing a so called special deputy sheriff's commission, we are herewith printing one of those cards in the hope that the sheriffs of Oklahoma in their effort to appease the political faithful who helped them get elected to office will use these or similar courtesy cards instead of attempting to commission their friends as deputy sheriffs: EDITOR NOTE: (State Seal embossed Here in text) Sheriff's Office Oklahoma County State of Oklahoma 100 know All Men by These Presents: That I: George Goff, Sheriff, Repose Special Confidence in the Honesty, In the Integrity and Good Citizenship of Any Courtesy Extended Will Be Appreciated Given Under My Hand This 5th Day of January 1940 (Signed) George Goff Sheriff' " The recommendation of the Court in Allen is as viable today as it was in 1940, and county sheriffs of this state should heed its advice. It is, therefore, the opinion of the Attorney General that your request be answered in the following manner: A county sheriff may appoint deputies in three basic categories. The first category includes the regular salaried staff as provided by Title 19 O.S. 541-542 [19-541-542] based upon the population of the county. Deputies in this category must be certified, i.e., trained and tested by the Southwest Center for Law Enforcement Education pursuant to Title 70 O.S. 3311 [70-3311] (1974). The second category may consist of any number of additional deputies to preserve the peace and dignity of the county who must be bonded and commissioned and who must be certified pursuant to Title 70 O.S. 3311 [70-3311] (1974). Any person commissioned by the sheriff under Section 545 and bonded as provided by law is entitled and required to be trained and tested by the Southwest Center for Law Enforcement Education and Training. The third category of deputy sheriffs extends to those persons deputed to do particular acts who are not subject to the provisions of Section 3311 in light of their "temporary" status and whose appointments lapse upon the accomplishment of the act or acts for which the persons were deputed. It should also be noted that under the provisions of 47 O.S. 97 [47-97] (1971), the Board of County Commissioners is empowered to commission "special officers" for the enforcement of traffic laws within the county. Officers so appointed must be trained and tested pursuant to Section 70 O.S. 3311 [70-3311]. Any person lawfully appointed under the provisions of 19 O.S. 541 [19-541], 19 O.S. 542 [19-542], 19 O.S. 545 [19-545] and 19 O.S. 547 [19-547] [19-547] (1971) is empowered to perform all functions commensurate with the position of deputy sheriff including the power to carry a weapon and serve search warrants and warrants of arrest. (Michael Cauthron)