James W. BOLT, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–76–417.

Court of Criminal Appeals of Oklahoma.

Aug. 26, 1976.

Edward Hollingsworth, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

OPINION

BRETT, Presiding Judge:

Appellant, James W. Bolt, hereinafter referred to as defendant, was charged in the District Court, Wagoner County, Case No. CRM–74–84, for the offense of Falsely Assuming to be an Officer, in violation of 21 O.S.1971, § 264. Upon waiver of his right to a jury, he was tried, convicted and sentenced to a term of sixty (60) days in the Wagoner County Jail and assessed a fine of Three Hundred ($300.00) Dollars. From said judgment and sentence, a timely appeal has been preserved.

Briefly stated, the facts of this case are as follows. On October 8, 1974, W. E. Burk, Sheriff of Wagoner County, had a conversation with the defendant, at which time he declined to issue a Deputy Sheriff's commission to the defendant and told him not to use the county radio frequency representing himself to be a Wagoner County Deputy Sheriff. This conversation was overheard by Jim Burke, Special Investigator for 'the District Attorney's Office. Again on a subsequent occasion, Sheriff Burk refused defendant's request for a Deputy Sheriff's commission.

On October 11, 1974, Jim Stinnett, an Oklahoma State Highway Patrolman who was "working a football game in Coweta, Oklahoma," received a call from the Coweta Chief of Police alerting him of a pickup suspected of transporting stolen construction materials. A voice came on to that frequency identifying itself as Wagoner County number 24, and advised that he would investigate. Such a designation is used by Wagoner County Deputy Sheriffs. Subsequently, a vehicle stopped at the rear of Patrolman Stinnett's vehicle and two men, one of whom he identified as the de-

fendant, approached him, identified themselves as Wagoner County 24, and informed him that they had investigated the pickup and found nothing wrong. On that same evening, while engaged in a conversation with Coweta Chief of Police, Orlin White, and various other individuals, the defendant was heard by James McClarey, Wagoner County Deputy Sheriff, to represent himself as a Wagoner County Deputy Sheriff. Deputy Sheriff McClarey notified Sheriff Burk who told McClarey to investigate.

Subsequently, the defendant was arrested by Orlin White, Special Investigator for the District Attorney's Office on November 5, 1975.

The defendant asserts that prior to W. E. Burk's election as sheriff on October 8, 1968, he was employed by the former sheriff, Ellis Garrison, as a deputy sheriff. He denies that Sheriff Burk dismissed him and states that he possessed a card, issued to him by Ellis Garrison, which identified him as a deputy sheriff up until November 4, 1974, when it was taken from him by Sheriff Burk. Defendant claims that furthermore a deputy sheriff's bond was taken out on him, but there was no evidence that he was ever employed or that he was ever on the payroll as a deputy sheriff.

■ Defendant's second, third, fourth, and fifth assignments of error relate to the sufficiency of evidence upon which the defendant was convicted and will be addressed together. The defendant contends that there was no evidence that the crime was committed in the presence of an officer. However, this merely relates to the legality of the arrest. This Court has held on numerous occasions that the illegality of an arrest does not affect the jurisdiction of the trial court or preclude the trial of the defendant for the offense. See, *Turnbow v. State*, Okl.Cr., 514 P.2d 410 (1973).

■ The defendant also contends that there was insufficient evidence to prove that the defendant was not a deputy sheriff at the time the alleged crime was com-

mitted, since the fact that the bond was taken out on the defendant as a deputy sheriff supplies at least some proof that he was a deputy sheriff, and 19 O.S.1971, § 548, requires that:

"Every appointment of an under-sheriff or a deputy sheriff, and every revocation of such appointments, shall be in writing, under the hand of the sheriff, and shall be filed in the office of the clerk of the county; but this section shall not extend to any person who may be deputized by any sheriff or under-sheriff to do any particular act only."

However, there was no other evidence that the defendant had been employed as a deputy sheriff or that he had ever been on the payroll. Furthermore, 19 O.S.1971, § 548, requires written appointment as well as written revocation of said appointment. So, unless defendant's appointment can be shown by written document the appointment could be no more efficacious than unwritten revocation and therefore should not require written revocation. Here, there is evidence that any authority as a deputy sheriff was expressly withheld from the defendant by Sheriff Burk, who upon being elected had replaced all former deputies with those of his own choice. While it is true that there was conflicting evidence presented at the trial, this Court has held that it is the province of the trier of fact to resolve a conflict of evidence. *Fields v. State,* Okl.Cr., 453 P.2d 264 (1969). Furthermore, in *Birdshead v State,* Okl.Cr., 515 P.2d 1400 (1973), wherein a jury trial was waived and the case was tried by the trial judge, this Court stated that:

". . . This Court has repeatedly held that where there is competent evidence in the record from which the trier of facts could reasonably conclude that the defendant was guilty as charged, this Court will not interfere with the trier of the facts determination upon the grounds that evidence is insufficient to sustain the verdict. . . ." (Citation omitted)

Finally, this Court finds upon a review of the record that there was sufficient evidence to prove that the crime itself was committed. There was evidence that the defendant represented himself as a deputy sheriff on various occasions and on at least one occasion purported to have acted in that capacity and thereby prevented investigation by authorized personnel. Again, this Court reiterates that it will not interfere where there is competent evidence from which a reasonable conclusion of guilt can be drawn by the trier of fact. For the above reasons, we find these assignments of error to be without merit.

The defendant asserts in his first and sixth assignments of error that the defendant was tried and convicted under the wrong statute, to wit: 21 O.S.1971, § 263, instead of 21 O.S.1971, § 264; or otherwise the sentence was contrary to law and excessive. The charge as it appears on the information was:

"That the said James W. Bolt did then and there unlawfully, wilfully, knowingly and wrongfully assumed and pretended to be a officer of the law to-wit: Deputy of Wagoner County by then and there forcing a motor vehicle to stop and representing to the driver thereof that said defendant was a Deputy of Wagoner County Sheriff's office and conducting an investigation pursuant thereto, said representations being false, . . ."

This is obviously sufficient for an offense in violation of 21 O.S.1971, § 264, which reads as follows:

"Any person who shall without due authority exercise or attempt to exercise the functions of or hold himself out to any one as a deputy sheriff, marshal, policeman, constable or peace officer, shall be deemed guilty of a misdemeanor and upon conviction thereof, shall be imprisoned for any period not more than one year, to which may be added a fine not exceeding one hundred dollars: Provided, However, that this section shall not be construed as to prevent private

persons from making arrests for felonies or misdemeanors committed in their presence."

However, since 21 O.S.1971, § 264, distinguishes the offense of assuming to be a peace officer, 21 O.S.1971, § 263, would be inapplicable to the offense charged in this case. Therefore, it is apparent that the defendant's sentence was contrary to law, insofar as the fine was assessed at Three Hundred ($300.00) Dollars, therefore, this Court will reduce the fine to One Hundred ($100.00) Dollars, in order to bring the sentence within the purview of 21 O.S. 1971, § 264. This Court declines to further modify the sentence since we do not feel, under the facts and circumstances of this case, that this sentence as modified is so excessive as to shock the conscience of the Court. See, *Poke v. State*, Okl.Cr., 515 P. 2d 252 (1973). Insofar as the sentence was contrary to law, the applicable statute setting a maximum fine of One Hundred ($100.00) Dollars, this Court will modify the sentence to sixty (60) days and a fine of One Hundred ($100.00) Dollars. As *MODIFIED,* the judgment of the court below is *AFFIRMED.*

BUSSEY and BLISS, JJ., concur.